IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**DERRICK L. WIGGINS,**               )
                                       )
      Petitioner,              )
                                       )
v.                                     )  Civil Action No. 3:10cv298–HEH
                                       )
**PATRICIA STANDSBERRY,**             )
                                       )
      Respondent.              )

**MEMORANDUM OPINION**
**(Denying Wiggins's Petition Under 28. U.S.C. § 2241)**

Derrick L. Wiggins, a federal prisoner proceeding *pro se*, was convicted of bank robbery in violation of 18 U.S.C. § 2113 and using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The matter is before the Court on Wiggins's petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus. For the reasons that follow, the Court will deny the petition as an unauthorized second or successive § 2255 motion.

## I. PROCEDURAL HISTORY

### A. Wiggins's Offense, Conviction, and Sentence

On January 27, 1998, Wiggins and three others robbed a bank in Raleigh, North Carolina using a pistol and a sawed-off shotgun. *United States v. Wiggins*, No. 99-4051, 1999 WL 1080113, at *1 (4th Cir. Nov. 29, 1999). On January 13, 1999, the United States District Court for the Eastern District of North Carolina ("the Sentencing Court") sentenced Wiggins to eighty-seven months in prison for the bank robbery count, followed

by a consecutive term of 120 months in prison for the firearms offense. The sentence for the firearms offense was enhanced because the Defendants used a short-barreled shotgun, triggering the enhancement provision of 18 U.S.C. § 924(c).[1] Wiggins appealed.

B. <u>Wiggins's Appeal to the Fourth Circuit and Supreme Court</u>

On appeal, Wiggins argued that the Sentencing Court erred when it enhanced the sentence imposed for the firearms because the Court did not submit to the jury the question of whether a short-barreled shotgun was used. Wiggins did not raise the issue at trial; thus, the United States Court of Appeals for the Fourth Circuit reviewed the Sentencing Court's enhancement for plain error. The Court recognized that a Circuit split existed regarding whether the enhancement provision was an element of the crime (requiring submission to the jury) or merely a sentencing factor (permitting judicial determination). Nevertheless, the Fourth Circuit concluded that "Wiggins cannot show that the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings' because the evidence that [Wiggins] used or possessed a short-barreled

---

[1] At the time of the offense and sentencing, 18 U.S.C. § 924(c) read, in pertinent part:

> Whoever, during and in relation to any crime of violence . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

18 U.S.C. § 924(c)(1) (West 1997).

shotgun in furtherance of the bank robbery was 'overwhelming' and 'essentially uncontroverted.'" *Wiggins*, 1999 WL 1080113, at *2 (quoting *Johnson v. United States*, 520 U.S. 461, 470, 117 S. Ct. 1544, 1550 (1997)). Accordingly, the Fourth Circuit found no plain error.

Wiggins then filed a petition for a writ of certiorari with the Supreme Court of the United States. The Supreme Court denied the petition on June 29, 2000. *Wiggins v. United States*, 530 U.S. 1277, 120 S. Ct. 2747 (2000).

### C. The Supreme Court's Decision in *Castillo*

On June 5, 2000, twenty-four days before the Supreme Court denied Wiggins's petition for a writ of certiorari, the Supreme Court issued its opinion in *Castillo v. United States*, 530 U.S. 120, 120 S. Ct. 2090 (2000). In *Castillo*, the Supreme Court resolved a Circuit split regarding whether the enhancement provisions of 18 U.S.C. § 924(c) were elements of the crime or merely sentencing factors. The Supreme Court held that the enhancement provisions were elements of the crime which must be proven to a jury. *Id.* at 121.

### D. Wiggins's First Petition for a Writ of Habeas Corpus

On July 6, 2001, Wiggins filed a motion in the Sentencing Court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In the motion, Wiggins argued that *Castillo* required the government to submit to the jury the question regarding whether a short-barreled shotgun was used. The Sentencing Court, however, determined that

3

Wiggins could not "'recast, under the guise of collateral attack, questions fully considered' on direct appeal." *Wiggins v. United States*, Nos. 5:98-CR-85-1-BO, 5:01-CV-526-BO, at 2 (E.D.N.C. Oct. 23, 2001) (quoting *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)). The District Court determined that *Castillo* was decided prior to the Supreme Court's denial of Wiggins's petition for writ of certiorari and thus did not constitute an exception to the rule in *Boeckenhaupt*. *Id.* at 2 n.1.

On March 14, 2005, Wiggins filed a motion under Rule 60(b) for relief from judgment in the Sentencing Court, again challenging his sentence based upon *Castillo*. The Sentencing Court denied Wiggins's Rule 60(b) motion, and Wiggins appealed that denial to the Fourth Circuit. *United States v. Wiggins*, 155 F. App'x 678 (4th Cir. 2005). The Fourth Circuit construed Wiggins's notice of appeal as an application to file a second or successive § 2255 motion, which the Fourth Circuit denied. *Id.* at 678–79.

## II. ANALYSIS

On May 6, 2010, Wiggins filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court. However, the primary means of collateral attack on the imposition of a federal conviction and sentence is a motion pursuant to 28 U.S.C. § 2255, which must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Unless Wiggins demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, Wiggins's current action must proceed

4

under 28 U.S.C. § 2255. *See Swain v. Pressley*, 430 U.S. 372, 381, 97 S. Ct. 1224, 1229–30 (1977); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The Fourth Circuit in *In re Jones* concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) *subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333–34 (emphasis added).

Wiggins cannot meet the second prong of the *Jones* test. The second prong requires Wiggins to show that "subsequent to [his] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal." *Id.* at 334. Wiggins suggests that *Castillo* meets this standard. *Castillo*, however, was decided before Wiggins's conviction became final and before he filed his first motion under § 2255.[2] *See Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003) (explaining that, for the purposes of post-conviction relief,

---

[2] Furthermore, *Castillo* "did not de-criminalize the offense conduct for which [Wiggins] has been convicted; it determined that the offense conduct was a separate aggravated offense." *Rivers v. McKelvy*, 236 F. App'x 508, 511 (11th Cir. 2007) (citing *Castillo*, 530 U.S. at 131); *see also Muhammad v. Stanberry*, No. 5:07-HC-2077-H, 2007 WL 5263456, at *2 (E.D.N.C. Oct. 12, 2007) ("Petitioner is unable to meet the second prong of the [*In re Jones*] test because the substantive law has not changed [under *Castillo*]."); *Sims v. Sherman*, 207 F. App'x 155, 157 (3d Cir. 2006) ("*Castillo* . . . does not potentially de-criminalize the conduct of which [petitioner] was convicted.").

5

"[f]inality attaches when th[e] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires).

Because Wiggins is not entitled to utilize the savings clause of § 2255, and has not otherwise demonstrated that he is entitled to challenge his conviction and sentence under 28 U.S.C. § 2241,[3] Wiggins's petition will be denied and Respondent's motion to dismiss will be granted. To the extent that Wiggins's "Supplement Motion in Support of Petitioners' 2241" requests to supplement the record, that request will be granted. The action will be dismissed. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Feb. 4, 2010
Richmond, Virginia

---

[3] On November 15, 2010, Wiggins filed a "Supplement Motion in Support of Petitioners' 2241" which cites *United States v. O'Brien*, 130 S. Ct. 2169, 2180 (2010). In *O'Brien*, the Supreme Court reaffirmed *Castillo*'s holding. *O'Brien* is narrowly tailored to address the version of 18 U.S.C. § 924(c) that was enacted after Wiggins committed the crimes of which he was convicted. *O'Brien*, 130 S. Ct. at 2173 ("The *Castillo* decision, however, addressed the statute as it existed before congressional amendments made in 1998. . . . In light of the 1998 amendments . . . the question of how to interpret § 924's machinegun provision is considered once more in the instant case."). Wiggins committed his crimes on January 27, 1998. *Wiggins*, 1999 WL 1080113, at *1. The statute was amended on November 13, 1998. An Act To Throttle Criminal Use of Guns, Pub. L. No. 105-386, § 1, 112 Stat. 3469 (1998). *O'Brien* merely analyzed the amended statute and does not change this Court's analysis.